UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TAMICA JOHNSON,

                                    Plaintiff,

v.                                                        Civil Action No. _____

GC SERVICES, LP.,

                                    Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Tamica Johnson is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant GC Services, LP., (hereinafter "GC") is a foreign business limited partnership organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

1

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan debt to Fannie Mae/ New York State Higher Education Services. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by Fannie Mae/New York State Higher Education Services to collect on the subject debt.

12. That in or about March of 2009, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

13. That on or about mid March of 2009, Plaintiff received a call from a Defendant caller named Roquella. Plaintiff informed Defendant that she had recently been laid off from her job and would not be able to pay the subject debt. Upon termination of the telephone conversation Defendant called Plaintiff immediately back from a different phone number. Plaintiff believes that this was the personal cell phone of caller Roquella. Defendant told Plaintiff "get a job, get back to work, and get paid so we can garnish your wages." Defendant then hung up on Plaintiff. Plaintiff immediately called back Defendant and requested to speak to a supervisor. Plaintiff spoke with supervisors Kristen and Greg. Defendant explained that she was being harassed by a caller using a personal cell phone. Defendant explained maybe that did happen but it didn't matter, that Plaintiff still had to pay the debt.

14. That as a result of Defendant's actions Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

15. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 15 above.

16. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    B. Defendant violated 15 U.S.C. §1692d by calling Plaintiff from a personal cell phone telling Plaintiff to "get a job, get back to work, and get paid so we can

   garnish your wages." The natural consequence of such statement was to harass, oppress, and abuse the Plaintiff.

  C. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by telling Plaintiff to "get a job, get back to work, and get paid so we can garnish your wages." Garnishment was an action that Defendant could not legally take and did not intend to take.

17. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.


**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

 (a) Actual damages

 (b) Statutory damages pursuant to 15 U.S.C. § 1692k.

 (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

 (d) For such other and further relief as may be just and proper.


### VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: July 8, 2009

            /s/ Seth Andrews
            Kenneth R. Hiller, Esq.
            Seth Andrews, Esq.
            Law Offices of Kenneth Hiller, PLLC
            *Attorneys for the Plaintiff*
            6000 North Bailey Ave., Suite 1A
            Amherst, NY 14226
            (716) 564-3288
            Email: khiller@kennethhiller.com
               sandrews@kennethhiller.com